999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph L. BLEVINS, Plaintiff-Appellant,
v.
Reginald WILKINSON, Defendant-Appellee.
 No. 92-4326.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Ralph L. Blevins, a pro se Ohio prisoner incarcerated at the Southern Ohio Correctional Facility (SOCF), appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The specific facts underlying Blevins's civil rights action are detailed in the district court's order granting summary judgment in favor of the defendant and will not be repeated herein. Suffice it to say that Blevins brought this action against the Director of the Department of Rehabilitation and Correction, claiming that his constitutional rights were violated when he was convicted by the prison Rules Infraction Board (RIB) of an assault on another inmate. Specifically, Blevins claimed that his right to due process of law was violated because the can lid allegedly used as a weapon in the assault was never produced at the RIB hearing or viewed by the officers who upheld the conviction. Blevins sought injunctive and monetary relief against the defendant. The defendant is sued in his individual and official capacities.
 
 
 4
 On August 21, 1992, defendant filed his motion for summary judgment. The district court concluded that Blevins's constitutional rights were not violated when the can lid was not produced at the RIB hearing or viewed by the officers who upheld the conviction and granted defendant's motion on November 20, 1992. Upon review, we affirm the district court's grant of summary judgment as there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Blevins's due process claim did not preclude summary judgment for defendant. In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court held that prison disciplinary proceedings meet minimal due process requirements if: (1) the prisoner is given advance written notice of charges at least 24 hours prior to the disciplinary hearing; (2) the prisoner is given a written statement of the evidence relied on and the reasons for the disciplinary action; and (3) the prisoner is allowed to call witnesses and present documentary evidence in his defense. Wolff, 418 U.S. at 563-69. The requirements of due process are further satisfied if some evidence supports the disciplinary board's decision to find a prisoner guilty of a particular offense. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985) (relevant question is whether there is "any" evidence in the record that could support the conclusion reached by the disciplinary board).
 
 
 6
 The minimal due process rights afforded a prisoner charged with a disciplinary infraction do not explicitly include a right to demand production of physical evidence. See Wolff, 418 U.S. at 563-72. Although production of physical evidence may be crucial to a proper defense under certain circumstances, such is not the case here. The can lid itself did not constitute the sole evidence against Blevins. On the contrary, other evidence presented at Blevins's disciplinary hearing was sufficient to meet due process requirements despite nonproduction of the can lid. Such evidence consisted of the eyewitness testimony of a corrections officer to the effect that he observed a white object in Blevins's hand during the assault and that he found the object located in the precise location where the fight had occurred. Even if the can lid had been produced and had been free of blood, the other evidence presented against Blevins clearly supported the RIB's findings and satisfied constitutional due process requirements.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation